*Goodloe* for plaintiffs : *B. & A. Monroe* for defendant.

## Hansford *vs* Perrin.

### ERROR TO THE LINCOLN CIRCUIT.

*Attachment bond.    Attachment.    Bonds.    Sureties.*

JUDGE BRECK delivered the opinion of the Court.

COVENANT.

*Case* 138.

*July* 6.

The case stated.

PERRIN exhibited his bill and sued out an attachment against William M. Lee, who was alledged to have gone out of the Commonwealth and with an intention not to return. The attachment was levied upon four slaves as the property of said Lee, found in the possession of F. F. Hansford, who thereupon with William Hansford, executed bond payable to the complainant, conditioned to have the "slaves forthcoming and ready, and deliver them up to abide the decree of the Court," in the case.

The claims set up by the complainant against the defendant, Lee, who answered, contesting them, were finally settled by the decree of the Court and about $140 decreed the complainant. Three of the attached slaves, one of them during the progress of the suit having died,

or such of them as might be necessary to satisfy the complainant's decree, were ordered to be sold and a Commissioner was appointed to make the sale. The decree also authorized the Commissioner to demand the slaves from the defendant or any person, who might have them in possession, for the purpose of making the sale, and directed him to make report of his proceedings at the succeeding term of the Court.

This decree was rendered in September 1843, and the cause continued. It appears at subsequent terms to have been continued without any report from the commissioner, or any step being taken in it till March 1845, when it was again continued, and so far as appears, may still be upon the docket.

In September 1844, Perrin brought an action of covenant upon the bond of the Hansfords, for the forthcoming of the slaves, setting forth his decree, and avering the failure of the defendants to deliver the slaves in obedience thereto. That F. F. Hansford had removed from the State before the rendition thereof, and that William Hansford upon demand by the Commissioner, had failed and neglected to deliver them or either of them. The suit was abated as to F. F. Hansford by the return of the officer. William Hansford plead covenants performed, and had "leave to give special matter in evidence upon the trial."

A verdict and judgment having been rendered for the plaintiff, the defendant has brought the case before this Court.

Various questions are presented by the assignment of errors, some of them involving the correctness and legality of the orders and proceedings in the chancery suit. In reply to the objections in that respect it will be sufficient to say: that although the bill in referrence to some of the material allegations is rather vaguely drawn, and although the process which issued upon it was somewhat irregular, yet the proceedings were not, in our opinion, void, as contended, nor was the bond for the forthcoming of the slaves illegal or invalid, either as a statutory or common law bond.

But notwithstanding the objections to the proceedings and to the bond, are deemed unavailable, yet we are of opinion that the suit upon the bond was premature. It had been taken under the order of the Chancellor and for the purpose of aiding him in affording the relief, which the complainant might be found entitled to. It constituted a part of the record of the chancery suit, which was still pending. The power of the Chancellor to afford complete and final relief had not been exhausted nor abandoned. He had not remitted the complainant to his remedy at law upon the bond, nor did the state of the record authorize such a decree.

The correct practice would have been to have required a report from the Commissioner, and if it appeared that the slaves, or such of them as might be necessary to satisfy the decree, had not been surrendered to him, and that his efforts to obtain them had been unavailing, the Chancellor by rule upon the obligors in the bond might have required their production, and upon their failure to comply with such order, might, at the instance of the complainant, have afforded him relief by a direct decree against them. Or, at his instance, might have finally disposed of the cause by a decree remitting him to his remedy at law upon the bond. The Chancellor also had power by rule, to bring into Court those who held possession of the slaves, and, if ascertained to be held subject to the lien of the complainant, to have enforced their delivery and subjected them to the satisfaction thereof.

In some of the modes suggested, we think, the Chancellor should finally have disposed of the cause; and if by remitting the complainant to his remedy at law, the record of his proceeding should show that fact, and also the failure of the obligors in the bond, to deliver the slaves, and such should have been the state of the record before the plaintiff commenced this suit. But no question upon that point, or whether the suit had been prematurely instituted, appears to have been raised in the Court below, nor are we satisfied that it could have been rendered available in bar of the plaintiff's action.

The case turned upon whether there had or not, been such a delivery by the defendant to the Commissioner, of

HANSFORD
vs
PERRIN.

Suit is prematurely brought on a bond given for the forthcoming of property attached, when the Chancellor has not disposed of the case, and remitted the party to his remedy on the bond.

The Chancellor, by rule and attachment, may operate upon the obligors in the bond, and require them to produce the property, or decree against them the payment of its value, or enforce the delivery of the property by third persons, who may have the possession before remitting the party to his suit at law upon the bond.

If the abligor having the custody of the prop-

erty surrender it
to the Commis-
sioners of the
Court, and he
accept it, surety
is exonerated. A
formal delivery
is not necessary
if it be dispen-
sed with by the
Commissioner.

the attached property, or such portion thereof as was suf-
ficient to satisfy the decree.  The slaves appear to have
been within the jurisdiction of the Court, and no claim
set up to them except what had been acquired under Lee
and subsequent to the attachment and lien of Perrin.
The Commissioner was the proper person to receive the
possession.  One of the slaves was in Stanford when the
Court was holden, and of value more than sufficient to
have satisfied the decree.  The defendant, with the Com-
missioner, was there for the purpose of delivering her,
when the Commissioner waived any formal delivery, and
told the defendant he would consider the property in his
possession, so far as the defendant was concerned.  The
Commissioner, who proved these facts, also proved that he
subsequently ascertained that the girl was held adversely
and would not be given up without strife or a law suit.
But he appears to have made no effort, by demand or
otherwise, to obtain the possession or to make the sale.
He did not subsequently inform the defendant that there
was any difficulty, nor did he report to the Court, as was
his duty, if under the circumstances the possession had
been withheld from him, and ask the aid of the Chancel-
lor, whose powers, in view of the facts of the case ap-
pearing in the record, would have been ample to compel
a surrender of the possession.

After the Commissioner waived any further or formal
delivery of the attached property by the defendant, and
when a sufficiency thereof was at hand to discharge the
decree, the defendant ought not to have been held liable,
unless the Commissioner had made reasonable efforts to
obtain possession, and his efforts had been unavailing.
Whether the slaves were or not, held adversely, was not
a necessary inquiry for the jury.

In this view of the case, it results that the Court below
ruled the law erroneously, and to the prejudice of the
defendant, in the instructions to the jury.

The judgment is reversed and the cause remanded for a
new trial and further proceedings, consistent with this
opinion.

*Kincaid* for plaintiff: *Harlan & Craddock and Fox* for
defendant.